**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JULIANA LU,<br><br>            Plaintiff - Appellant,<br><br>   v.<br><br>CENTRAL BANK OF REPUBLIC OF CHINA (TAIWAN); REPUBLIC OF CHINA (TAIWAN),<br><br>            Defendants - Appellees. | No. 13-56212<br><br>D.C. No. 2:12-cv-00317-JAK-RZ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Argued and Submitted July 8, 2015
Pasadena, California

Before: W. FLETCHER, PAEZ, and BERZON, Circuit Judges.

Juliana Lu appeals the district court's dismissal of her complaint for lack of

jurisdiction pursuant to the Federal Sovereign Immunities Act ("FSIA"), 28 U.S.C.

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

§ 1602, *et seq.*, its denial of her motion to continue the hearing on Defendants' motion to dismiss, and its denial of her request for leave to amend her pleadings.

1. Lu's allegations do not establish that Defendants' actions outside the United States had a direct effect in the United States for purposes of the commercial activity exception to FSIA, 28 U.S.C. § 1605(a)(2). *See Republic of Argentina v. Weltover, Inc.*, 504 U.S. 607, 618–19 (1992). Lu sought to redeem two bonds in Taiwan, not in the United States. The bonds did not require performance—i.e., payment of the bonds—in the United States. *See Adler v. Republic of Nigeria*, 107 F.3d 720, 727 (9th Cir. 1997); *Meadows v. Dominican Republic*, 817 F.2d 517, 523 (9th Cir. 1987); *cf. United World Trade v. Mangyshlakneft Oil Prod. Ass'n*, 33 F.3d 1232, 1238–39 (10th Cir. 1997). Moreover, Lu's allegation that the bonds she sought to redeem were so valuable as to require Defendants to access gold in the United States to redeem them is implausible, given that she sought to redeem only two bonds. *See Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1131 (9th Cir. 2012).

2. The district court also lacked jurisdiction under the first two prongs of the commercial activity exception. *See* 28 U.S.C. § 1605(a)(2). The only connections Lu asserts to the United States are that she lives here and that Taiwan stores gold here. Lu's breach of contract and conversion claims are thus not "based upon"

2

commercial activity undertaken in the United States, nor are her causes of action "based upon" an act performed in the United States. *See id.*; *Saudi Arabia v. Nelson*, 507 U.S. 349, 357 (1993).

3. Lu also did not adequately allege that the district court had jurisdiction over her suit pursuant to the expropriations exception to FSIA, 18 U.S.C. § 1605(a)(3). The only reasonable inference to be drawn from her complaint is that her grandparents were citizens of Taiwan at the time the alleged taking occurred. As the United States recognized the Republic of China (Taiwan) as the sovereign in Taiwan at the time, her grandparents' citizenship triggers the domestic takings caveat to the expropriations exception, barring jurisdiction here. *Siderman de Blake v. Republic of Argentina*, 965 F.2d 699, 711 (9th Cir. 1992). And the court will not foray into the purview of the executive, *Zivotofsky ex rel. Zivotofsky v. Kerry*, 135 S. Ct. 2076, 2083–94 (2015), and consider a political question, *Mingtai Fire & Marine Ins. Co. v. United Parcel Serv.*, 177 F.3d 1142, 1144–47 (9th Cir. 1999), to evaluate whether, contrary to the view of the executive branch, the Republic of China (Taiwan) was not the sovereign of the island of Taiwan in 1949, *see N.Y. Chinese TV Programs, Inc. v. U.E. Enters., Inc.*, 954 F.2d 847, 849–50 (2d Cir. 1992).

4. The district court did not abuse its discretion in denying Lu's motion for a continuance to conduct jurisdictional discovery. Defendants' motion to dismiss mounted a facial attack on Lu's jurisdictional allegations, so further discovery was not relevant to the motion. *See Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987); *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). Further, the discovery Lu sought would not have cured the jurisdictional deficiencies in her complaint. *See Am. W. Airlines v. GPA Grp.*, 877 F.2d 793, 800–01 (9th Cir. 1989) (citing *Well Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 431 n.24 (9th Cir. 1977)).

5. Similarly, the district court did not abuse its discretion in denying Lu leave to file a fifth amended complaint. On several previous occasions, the district court had granted Lu leave to amend her complaint. *See Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996)*.* Lu's inability to gather foundational facts in the nearly year-and-a-half life of the case indicated undue delay on her part. *See Desertrain v. City of L.A.*, 754 F.3d 1147, 1154 (9th Cir. 2014) (citing *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)). And any further amendment would likely be futile, *see Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir.

4

2009), given that the suggested amendments do not go to the identified defects in her jurisdictional allegations.

**AFFIRMED.**